1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    MENSAH LOKOSSOU,                      Case No. 15-cv-04892-JD

8              Plaintiff,

9         v.                              **ORDER RE MOTION TO DISMISS**
                                          Re: Dkt. No. 32
10   SERVICESOURCE INTERNATIONAL
     INC.,

11             Defendant.

12

13          This is an employment discrimination case brought by pro se plaintiff Mensah Lokossou

14   against his former employer, Servicesource International Inc.  Lokossou asserts two claims for

15   relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e:  (1) discrimination based

16   on national origin, and (2) "harassment, hostile work environment and retaliation."  Dkt. No. 21.

17   Servicesource has moved to dismiss plaintiff's amended complaint, which is the operative

18   complaint.  Dkt. No. 32.  The Court grants the motion with leave to amend.

19          As a preliminary matter, the Court deems withdrawn defendant's argument that plaintiff's

20   complaint was filed a day too late and the Court is consequently without jurisdiction over it.  Dkt.

21   No. 32 at 7.  Plaintiff has explained that this was because the EEOC letter was sent to the wrong

22   address, and he has attached some relevant proof.  Dkt. No. 37 at 7.  The argument is not raised

23   again in defendant's reply, *see* Dkt. No. 43, and the Court consequently deems it abandoned,

24   although the Court would have denied it in any event.  *Cf. Chapman v. San Francisco Newspaper*

25   *Agency*, No. C 01-02305 CRB, 2002 WL 31119944 (N.D. Cal. Sept. 20, 2002).

26          Turning to the substance of plaintiff's claims, in an employment discrimination case, the

27   plaintiff need not plead a prima facie case to survive a Rule 12(b)(6) motion to dismiss.  *See*

28   *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).  The plaintiff must, however, nevertheless

United States District Court
Northern District of California

allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556). Rule 8(a)(2) of the Federal Rules of Civil Procedure also requires that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

In evaluating a motion to dismiss, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But even then, plaintiff fails to cross the plausibility threshold, at least on this attempt. Title VII prohibits employers from discriminating against individuals "with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's race, color, religion, sex, or national origin*." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). While plaintiff makes some conclusory allegations about undesired conduct toward him on the basis of his national origin or race, his actual, factual allegations consistently fail to draw any link between the conduct complained of on the one hand and his national origin or race on the other. *See, e.g.*, Dkt. No. 21 ¶ 32 ("The plaintiff worked overtime almost on a daily basis to achieve his sales quotas. However, he was being denied [] scheduled vacation time. This benefit was granted to his other colleagues because a replacement was provided to take over their duties during their absence."); ¶ 37 ("By supporting the aggressions specifically targeted at the plaintiff, the defendant failed to promote an atmosphere favorable to inter-ethnic collaboration and respect."). While plaintiff includes allegations about his subjective belief that his advancement within the company was limited "because of his national origin, easily discernable by his accent," Dkt. No. 21 ¶ 33, that kind of allegation is insufficient. Plaintiff must come forward with non-conclusory allegations of fact, not merely statements of his subjective beliefs, tying discriminatory acts by his employer with plaintiff's national origin or race.

The Court consequently dismisses the complaint under Rule 12(b)(6). The Court must "grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

United States District Court
Northern District of California

2

F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).  That is not something the Court can say at this juncture, and so granting plaintiff leave to amend is more than appropriate.  Plaintiff will have until **May 3, 2017**, to file his amended complaint.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office.  Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated:  March 30, 2017

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California