UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENSAH LOKOSSOU,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SERVICESOURCE INTERNATIONAL INC.,<br><br>　　　　　　Defendant. | Case No. 15-cv-04892-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 51 |

Before the Court is defendant's motion to dismiss plaintiff's second amended complaint. Dkt. No. 51. The Court dismissed plaintiff's prior amended complaint with leave to amend. Dkt. No. 48. Because the second amended complaint falls short for the same reasons as before, the motion is granted.

Plaintiff's basic contentions have not changed. Proceeding pro se, plaintiff alleges a claim in four sub-parts: for discrimination based on national origin; "harassment, hostile work environment"; retaliation; and "pay & benefit discrimination." Dkt. No. 49 at 9-12. He continues to state that his action is "brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination." *Id*. at 1, 12-13. As the Court previously noted and as plaintiff acknowledges, Title VII prohibits certain types of discriminatory conduct by employers when undertaken "because of [an] individual's race, color, religion, sex or national origin." Dkt. No. 48 at 2 (quoting 42 U.S.C. § 2000e-2(a)(1)); Dkt. No. 49 at 12-13 (same).

While the current iteration of plaintiff's complaint contains some additional details, the fatal flaw remains -- the non-conclusory, factual allegations in it do not establish a plausible link between the conduct complained of and plaintiff's national origin or race. For example, plaintiff now alleges that out of a sample list of 70 employees, he was "the only African immigrant

worker." Dkt. No. 49 at 3; *see also id*. at 4 (only 2 African immigrants out of approximately 600 employees working from the Tennessee Branch in 2012-2013). This made plaintiff, who is a citizen of Benin, a "minority within the 'Black employees' minority group," and put him at "an obvious disadvantage from a numerical perspective and more vulnerable to attacks." *Id*. Plaintiff goes on to allege that his fellow employee aggressors were "White Caucasian," "Asian/White," or "African American." *Id*. at 4-5. But plaintiff's own motion to dismiss opposition brief underscores the disconnect and deficiency in his complaint allegations. In the brief, he asks, "what else, other than a racial animus could motivate a co-worker to insult the plaintiff . . . without cause . . . ?" Dkt. No. 52 at 7. And "[w]hat else, if not racial hate could motivate a supervisor to place his foot with dirty shoes on the plaintiff's table supposedly to tie his shoe laces while yelling at him?" *Id*. What plaintiff fails to accept is that there are many equally plausible possible answers to the questions he poses, albeit rhetorically. And to say -- without additional, more specific factual allegations -- that "racial animus" or "racial hate" are the only possible answers is nothing more than speculation.

As the Supreme Court held in *Bell Atlantic Corporation v. Twombly*, to get across the plausibility bar under Rule 8(a)(2), "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004), for proposition that "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Plaintiff's complaint continues to fail that bar. Because of that key defect that cuts across all of his claims, and for all of the additional reasons identified by defendant's motion, Dkt. No. 51, the Court concludes that plaintiff again has not adequately alleged an actionable claim. This includes plaintiff's claim for retaliation. *See Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (the conduct that the employee allegedly opposed "must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation," or if basis of claim is that employee participated in investigation or proceeding involving charges of discrimination, "the underlying discrimination must be reasonably perceived as discrimination prohibited by Title VII").

2

The only question that remains is whether the Court should grant further leave to amend. That is not warranted here. Plaintiff has now had three tries to state a cognizable claim, Dkt. Nos. 1, 21, 49, and his opposition brief on this motion, Dkt. No. 52, does not indicate any good faith basis for new allegations that might cure the deficiencies now twice identified by the Court. While he is proceeding pro se and gets some benefit of the doubt, he still has the obligation to meet the plausibility standard set out in *Twombly*, 550 U.S. at 555-63, and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). *See Gardner v. Chevron Capital Corporation*, No. 15-cv-01514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015).

The Court consequently grants defendant's motion to dismiss, Dkt. No. 51, and dismisses plaintiff's second amended complaint with prejudice. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996); *Gardner v. Chevron Capital Corp.*, No. 16-16911, 2018 WL 1406657, at *2 (9th Cir. Mar. 21, 2018).

The Clerk will enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 9, 2018

JAMES DONATO
United States District Judge